IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL TEDESCO,              §
§    No. 216, 2016
     Appellant Below-        §
     Appellant,               §    Court Below: Superior Court
§    of the State of Delaware
     v.                        §
§
BAYHEALTH MEDICAL CENTER,   §    CA No. K14A-09-002
§
     Appellee Below-         §
     Appellee.              §

Submitted: October 19, 2016
Decided: November 4, 2016

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 4th day of November 2016, upon consideration of the parties' briefs and the record of the case, it appears that:

1. The issue in this case involves the Superior Court's jurisdiction to review a decision of the Industrial Accident Board ("the Board") when that decision is made after an original appeal to the Superior Court has resulted in the case being remanded to the Board.

2. The appellant, Michael Tedesco, was injured in two, separate industrial accidents, one in 2009 and one in 2010. In 2014 Tedesco filed a petition to determine additional compensation due with respect to the injury received in the 2009 accident.

While that petition was pending, the employer, Bayhealth Medical Center, filed a petition for review alleging that total disability benefits which Tedesco was receiving for the 2010 accident should be terminated. The Board consolidated the two petitions to be heard at the same time.

3. Prior to the hearing, the parties resolved Bayhealth's petition by an agreement which terminated Tedesco's total disability benefits but gave him, instead, partial disability benefits. The agreement was silent as to attorney's fees. The Board was informed of this agreement and proceeded with the hearing on Tedesco's petition. At the hearing, counsel for Tedesco presented an affidavit seeking attorney's fees for both the Bayhealth petition and Tedesco's petition. The Board denied Tedesco's petition to determine additional compensation due in a decision which made no mention of attorney's fees.

4. Tedesco appealed to the Superior Court. The Court affirmed the Board's denial of his petition, but remanded the case to the Board for a determination as to whether Tedesco should receive attorney's fees in connection with the settlement of Bayhealth's petition.

5. On June 2, 2015, the Board issued an order awarding Tedesco counsel fees in the amount of $3,500.00. Bayhealth filed a motion for reargument. The Board ruled upon that motion by issuing an order striking the award of attorney's fees. Tedesco then filed a motion for reargument. Tedesco's motion for reargument was

denied in a final, appealable order issued by the Board on February 17, 2016.

6. Nothing relevant occurred during the next 30 days. On March 25, 2016, counsel for Tedesco wrote a letter to the Superior Court Judge who issued the remand order asking that the Judge review the decisions made by the Board on remand. Bayhealth objected, contending that Tedesco failed to file a Notice of Appeal within 30 days of the Board's final, February 17, 2016 order.

7. On April 7, 2016, the Superior Court issued an order stating, in substance, that the case was closed because Tedesco failed to file a Notice of Appeal within 30 days of the Board's February 17, 2016 final order. This appeal followed.

8. Tedesco contends that when the Superior Court remanded the case to the Board, it retained jurisdiction to review orders of the Board issued in the remand proceedings. Tedesco is incorrect.

9. When the Superior Court remands a worker's compensation case to the Board for a rehearing, it does not retain jurisdiction.[1] Section 2350(b) of Title 19 of the Delaware Code states that "[i]n case any cause shall be remanded to the Board for a rehearing, the procedure and the rights of all parties to such cause shall be the same as in the case of the original hearing before the Board."[2] The procedures to be followed by parties after the Board issues a final order in a remand proceeding are the

[1] 19 *Del. C.* § 2350(b).
[2] *Id.*

same as those that apply after an original Board order.[3]  That includes the necessity of filing a Notice of Appeal in the Superior Court within 30 days of issuance of the Board's final order in the remand proceeding.[4]  Because Tedesco failed to file a Notice of Appeal in the Superior Court within 30 days after the Board issued its February 17, 2016 order, the Superior Court lacked jurisdiction to address the Board's remand orders.

NOW, THEREFORE, IT IS THE ORDER OF THE COURT THAT THE JUDGMENT OF THE SUPERIOR COURT IS AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.

---

[3] *Id.*
[4] 19 *Del. C.* § 2349.